**Electronically Filed
Intermediate Court of Appeals
28857
21-JAN-2011
10:21 AM**

NO. 28857

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DAVID GARNER, ALLAN KLITERNICK, JO JENNIFER GOLDSMITH
and DAVID HUDSON, on behalf of themselves and all
others similarly situated, Plaintiffs-Appellants, v.
STATE OF HAWAII, DEPARTMENT OF EDUCATION, Defendants-Appellees,
and JOHN DOES 1-5, JOHN DOE CORPORATIONS 1-5, JOHN DOE
PARTNERSHIPS 1-5, ROE NON-PROFIT CORPORATIONS 1-5, AND
ROE GOVERNMENTAL AGENCIES 1-5, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 07-1-1480)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Fujise and Leonard, JJ.)

Plaintiffs-Appellants David Garner, Allan Kliternick, Jo Jennifer Goldsmith and David Hudson, on behalf of themselves and all others similarly situated (**Appellants** or **Substitute Teachers**), appeal from the Final Judgment (**Judgment**) in favor of Defendant-Appellee State of Hawai'i, Department of Education (**State** or **DOE**), filed on October 26, 2007, in the Circuit Court of the First Circuit (**Circuit Court**).[1]  Appellants represent a certified class of substitute teachers who worked for the DOE starting from August 10, 2007.

---

[1]  The Honorable Victoria S. Marks presided.

In 2006, Hawaii Revised Statutes (**HRS**) § 302A-624 was amended, as set forth in 2006 Haw. Sess. L. 263 (**Act 263**). Immediately *prior to* Act 263, HRS § 302A-624(e) provided:

> (e)    Effective July 1, 2005, the minimum hourly or minimum per diem rate for substitute teachers shall be determined by the legislature; provided that the department shall develop a classification and compensation schedule that is not restricted to the minimum compensation rates but may exceed them; provided further that any individual in class I, II or III who works less than a full seven-hour work day shall be compensated on a pro-rated, hourly basis as follows:
>
> > (1)    Class I: other individuals who do not possess a bachelor's degree shall be compensated at a rate of not less than $119.80 for a full work day;
> >
> > (2)    Class II:  individuals with a bachelor's degree shall be compensated at a rate of not less than $130 for a full work day; and
> >
> > (3)    Class III:  department of education teachers, or licensed or highly qualified teachers, shall be compensated at a rate of not less than $140 for a full work day.

HRS § 302A-624(e) (Supp. 2005).

Pursuant to Act 263, effective July 1, 2006, HRS § 302A-624(e) provided:[2]

> (e)    Effective July 1, 2006, the minimum hourly or minimum per diem rate for substitute teachers shall be determined by the legislature as follows; provided that any individual in class I, II, or III who works less than a full seven-hour work day shall be compensated on a pro-rated, hourly basis:
>
> > (1)    Class I: other individuals who do not possess a bachelor's degree shall be compensated at a rate of not less than $125 for a full work day;
> >
> > (2)    Class II:  individuals with a bachelor's degree shall be compensated at a rate of not less than $136 for a full work day; and
> >
> > (3)    Class III:  department of education teachers, or licensed or highly qualified teachers, shall be compensated at a rate of not less than $147 for a full work day.

HRS § 302A-624(e) (Supp. 2006).

_____

[2]    HRS § 302A-624 was further amended in 2008.  See 2008 Haw. Sess. L. 187.

In 2007, licensed class II teachers in bargaining unit 5 received a 4% pay increase effective as of August 1, 2007. A similar increase was not provided to the Substitute Teachers.

On August 10, 2007, the Substitute Teachers filed a complaint seeking declaratory and injunctive relief based on Act 263. Upon hearing a motion for class certification, which was granted, and cross-motions for summary judgment, judgment was entered in favor of the State and against the Substitute Teachers. A notice of appeal was timely filed.

On appeal, the Substitute Teachers raise a single point of error. The Substitute Teachers contend that the Circuit Court erred in granting summary judgment against them and in favor of the State because Act 263 required the DOE to provide them with a raise to match that provided to licensed Class II teachers in bargaining unit 5.

The interpretation of a statute is a question of law which this court reviews de novo. Kaho'ohanohano v. Dep't of Human Servs., State of Hawai'i, 117 Hawai'i 262, 281, 178 P.3d 538, 557 (2008) (citations omitted).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the Substitute Teachers' contentions as follows:

HRS § 302A-624(e), as amended by Act 263, is plain and unambiguous. It established specific minimum hourly or minimum per diem rates of pay for substitute teachers of between $5.20 and $7 a day greater than the previously established rates of pay. HRS § 302A-624(e), as amended by Act 263, contains no language whatsoever linking substitute teacher pay to the pay scale negotiated for full-time teachers. "[W]here the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning." Kaanapali Hillside

Homeowners' Assoc. v. Doran, 114 Hawai'i 361, 369, 162 P.3d 1277, 1285 (citation omitted; format altered).

The Substitute Teachers base their argument on the prefatory or purpose section of Act 263, which provided, in relevant part:

> The legislature further finds that an increase in substitute teacher pay will contribute to the provision of the highest quality teaching and work environment for Hawaii's substitute teachers and students. The per diem rate of class I, II, and III teachers are to be adjusted upward to match the salary or wage increases that are provided to licensed class II teachers in bargaining unit 5 in the collective bargaining agreement between the Hawaii State Teachers Association and the department of education.
>
> The purpose of this Act is to set and provide moneys for classification and compensation rates for substitute teachers that are consistent with the compensation rates determined by the legislature in 1996.

2006 Haw. Sess. L. 263, § 1.

However, under Hawai'i law, the purpose section of a statutory enactment is not a substantive part of the statute and does not create rights that are not found within the operative statutory provisions. See Poe v. Haw. Labor Relations Bd., 97 Hawai'i 528, 540, 40 P.3d 930, 942 (2002); see also Coon v. City & County of Honolulu, 98 Hawai'i 233, 249 P.3d 348, 364 (2002). Courts will only consider the purpose section as a guide for determining legislative intent or purpose, when necessary to clarify any ambiguities. Poe, 97 Hawai'i at 540. 40 P.3d at 942. As stated above, HRS § 302A-624(e), as amended by Act 263, is plain and unambiguous.

4

Accordingly, the Circuit Court's October 26, 2007 Judgment is affirmed.

DATED:  Honolulu, Hawaiʻi, January 21, 2011.

On the briefs:

Paul Alston
Peter Knapman
Mei-Fei Kuo
(Alston Hunt Floyd & Ing)
    and
Bruce H. Wakuzawa
for Plaintiffs-Appellants

Deirdre Marie-Iha
Deputy Solicitor General
Dorothy Sellers
Solicitor General
(Department of the Attorney General)
for Defendants-Appellees

Presiding Judge

Associate Judge

Associate Judge